NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERBERT APONTE** : | |
| : | |
| Plaintiff, : | Civil Action No. 07-0015(JLL) |
| : | |
| v. : | |
| : | OPINION AND ORDER |
| : | |
| **POLICE OFFICER LOPEZ, ET AL.,** : | |
| : | |
| : | |
| Defendants. : | |

# OPINION

This matter comes before the Court by way of Plaintiff Herbert Aponte's Applications for Pro Bono Counsel [Docket Entry No. 17 and No. 20].

Indigent parties asserting civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claim has some merit in fact and law. Id. at 457-58. If the court determines that the plaintiff's claims have some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the

plaintiff to pursue such investigation;

    (4) the amount a case is likely to turn on credibility determinations;

    (5) whether the case will require the testimony of expert witnesses; and

    (6) whether the plaintiff can attain and afford counsel on his own behalf.

Id. (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir 1993)). The list of factors identified in Tabron is not exhaustive, but rather serves as a "guidepost" for district courts. Id. at 458. Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. (citing Tabron, 6 F.3d at 157.)

    Analysis of the Tabron factors in this case reveals that appointment of pro bono counsel is not appropriate at this time. As a preliminary matter, the Honorable Jose L. Linares, U.S.D.J., found that dismissal of Plaintiff's Complaint was not appropriate. See Order dated March 14, 2007. It is apparent from Plaintiff's Complaint that he is able to articulate his legal claims, as well as the facts supporting such claims. In addition, the legal issues here appear to be fairly straightforward. While some factual investigation, such as the obtaining of certain police reports and other records, may be necessary, it does not appear that Plaintiff would have any difficulty obtaining this information or other relevant evidence in this matter. There also does not appear to be a need for expert testimony at this juncture.

    Accordingly, for the foregoing reasons, Plaintiff's applications for appointment of counsel will be denied, without prejudice to Plaintiff raising the issue again should circumstances change.

## ORDER

**IT IS ON THIS** 5th day of June, 2008

**ORDERED** that Plaintiff Aponte's Applications for Pro Bono Counsel [Docket Entry No. 17 and No. 20] are **DENIED**.

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**